UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAURICE HUBBARD,

    Plaintiff,

v.

CEASARS ENTERTAINMENT CORPORATION,

    Defendant.

Case No. 2:21-cv-01003-APG-NJK

**ORDER**

[Docket No. 1]

Plaintiff is proceeding in this action *pro se* and has requested authority under 28. U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**    ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* under § 1915(a) is granted.

**II.**    **Screening the Complaint**

    **A. Legal Standard**

Upon granting an application to proceed *in forma pauperis*, courts screen the complaint. 28 U.S.C. § 1915(e). The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

**B. Analysis**

The instant action arises out of Plaintiff's visit to the Cromwell Las Vegas Hotel & Casino. Docket No. 1-1 at 4. Plaintiff alleges that, on May 21, 2021, he visited the casino and sat in the lounge area next to three Caucasian men. *Id.* Plaintiff alleges that, within sixty seconds, security personnel approached him, asked him to identify himself, and then asked him to leave. *Id.* Plaintiff alleges that he complied and left the casino; however, he further alleges that he returned to the casino and was subsequently arrested, searched, detained, and released without being charged. *Id.* Based on these allegations, Plaintiff asserts a claim under Title II of the Civil Rights Act of 1964 ("Title II) and seeks injunctive relief and $10,000 in damages against Caesars Entertainment. *Id.*

"Title II . . . prohibits public accommodations or privately owned facilities that offer food, lodging, gasoline, or entertainment to the public from discriminating on the basis of race, color, religion, or national origin." *Robinson v. Las Vegas Bistro, LLC*, 2019 WL 342117, at *3 (D. Nev. Jan. 25, 2019) (citing 42 U.S.C. § 2000a). "In a suit under Title II, a plaintiff cannot recover damages and may only seek injunctive relief." *Jefferson v. City of Fremont*, 73 F. Supp. 3d 1133, 1144 (N.D. Cal. 2014) (citing *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401 (1968)). "[T]here are also certain jurisdictional prerequisites to bringing a claim under Title II." *May v. California Hotel and Casino, Inc.*, 2014 WL 1494231, at *3 (D. Nev. Apr. 14, 2014). Specifically, where the state in which the alleged Title II violation occurred has established an agency with authority to hear Title II complaints, the plaintiff must give notice of the Title II violation to the agency before filing a Title II claim in federal court. *Id.*; *see also* 42 U.S.C. § 200a-3(c). "Chapter 651 of the Nevada Revised Statutes prohibits discriminatory practices in places of public accommodation on account of race and provides that any person who believes that he or she has been denied full and equal enjoyment of the goods or services of a place of public accommodation 'may file a complaint to that effect with the Nevada Equal Rights Commission.'" *May*, 2014 WL 1494231, at *4 (quoting Nev.Rev.Stat. §§ 651.070, 651.110).

Here, Plaintiff seeks $10,000 in damages. Docket No. 1-1 at 4. Plaintiff, however, may not avail himself of Title II to obtain monetary damages. Moreover, Plaintiff fails to allege that he filed a Title II complaint with the Nevada Equal Rights Commission before filing a Title II

claim in this Court. *Id.* at 1–5. As a result, the Court finds that Plaintiff has failed to establish the Court's subject matter jurisdiction over the instant claim. *See May*, 2014 WL 1494231, at *5.

### III. Conclusion

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is hereby **GRANTED**. Docket No. 1. Plaintiff shall not be required to pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

3. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **June 28, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: May 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge